UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

       Plaintiff,                        Case No. 12-30538

v.

RODNEY WAYNE CENTERS,

       Defendant.
_____/

## ORDER OF DETENTION PENDING TRIAL

### Introduction

This matter comes before the Court on the request of the Government to detain defendant Rodney Wayne Centers ("defendant") pending trial.

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Pursuant to "the Bail Reform Act, 18 U.S.C. § 3142 . . . a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)).

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), on September 4, 2012 with follow-up on September 7, 2012, and considering the proffers and arguments of counsel, testimony of Detective Marlon Friendly, video from the scene, and the Pre-Trial Services report, the Court concludes that these facts require that the defendant be detained pending trial:

### Findings – Basis For Detention Hearing

A detention hearing was conducted pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f)(1), because the case involves:

__X__ (1)     A crime of violence, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (defining the term "Federal crime of terrorism") for which the maximum term of imprisonment of ten years or more is prescribed; *see, e.g., United States v. Diaz*, 1993 U.S. App. LEXIS 34221, No. 93-50299, 1993 WL 526229, at *2 (9th Cir. Dec. 20, 1993) (unpublished);

_____ (2)     An offense for which the maximum sentence is life imprisonment or death;

_____ (3)     A federal drug offense carrying a penalty of ten years or more [the Controlled Substances Act (21 U.S.C. § 801 et seq.)];

_____ (4) A felony and the defendant has been convicted of two or more offenses described in subparagraphs (1) through (3) above, or two or more State or local offenses that would have been offenses described in subparagraphs (1) through (3) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses;

_____ (5) Any felony that is not otherwise a crime of violence that involves a minor victim or that involves possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. section 2250

_____ (6) A serious risk that the defendant will flee

_____ (7) A serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

**Findings – Factors To Be Considered**

Pursuant to Section 3142(g) of the Bail Reform Act, the Court has considered the following factors in determining whether to release the defendant and finds that they support detention:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug: **Defendant has been charged in a criminal complaint with assault on a federal officer in violation of 18 U.S.C. § 111. The affidavit in support of the complaint describes more than a simple assault – defendant actually punched two of the officers. As part of its proffer, the government provided the testimony of Detective Marlon Friendly ("Friendly"), a criminal investigator with the Department of Veterans Affairs Police. He testified regarding several encounters between defendant and law enforcement authorities. On August 16, 2012, defendant created a disturbance at the Veterans Affairs ("VA") hospital in Detroit and the VA police were called. Defendant was trying to open doors on the mental heath ward and indicated he was looking for his girlfriend. He was not given any citation in connection with this visit. On August 30, 2012, the VA police department received a report that defendant was banging on the door of Linda Sanders, a VA hospital employee that defendant was apparently having a relationship with. Defendant and Sanders had a physical altercation in a car on August 16. She reported to police that she had been car-jacked and when the police pulled defendant over, he was uncooperative and swore at them. On September 1, 2012 – after having been told on August 30 not to come back – defendant returned to the emergency room at the VA Hospital. He claims he was there for a legitimate mental health evaluation, while the government believes he was there to harass Ms. Sanders. Defendant was removed from the premises by officers when he became disruptive – he poured water on a computer, was disruptive with personnel and told the officers, "I'll be back." He did not assault the officers during this visit. Defendant returned to the ER the next day,**

2

**September 2, 2012. Thinking he had no reason to be there, (four) officers tried to escort defendant off the premises. According to the testimony of Friendly, defendant was yelling and threatening to hit the officers and he did punch one of the officers in the jaw. He was then subdued and indicated he injured his face. Officers attempted to put him in a wheelchair for treatment, but defendant punched another officer in the jaw and fled. He was again subdued and continued to make threats. At this time, he was put into the wheelchair again and handcuffed. Defendant indicated he had access to firearms and threatened to shoot officers. He left a voice mail message for Friendly stating he received weapons from Ms. Sanders. When Friendly interviewed Sanders she confirmed that defendant had access to 2 of her guns. She believed one was locked up in her home but was unsure about the location of the other one. At the time of the detention hearing, these guns were unaccounted for.**

(2) the weight of the evidence against the defendant: **the September 2, 2012 incident involved a number of witnesses/officers. The Court also had the opportunity to review video from the VA Hospital pertaining to this incident. While the video only very briefly shows defendant running and the officers subduing him and putting him in a wheelchair, that is consistent with the government's proffer and Friendly's testimony. There does not appear to be any dispute that the individual involved in the altercation with the officers is the defendant.**

(3) the history and characteristics of the defendant, including –

    (A) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings: **According to the parties' proffers, defendant is a veteran who suffers from depression and post-traumatic stress disorder for which he takes medications (e.g., Depakote, Celexia). He lives with his father in Flint. He has been unemployed since 2009 and reports no assets. He may be in an electrical engineering program at Wayne Community College. At the time of the detention hearings, Pretrial Services had been unable to speak with defendant's relatives or verify any of his personal information, but defense counsel provided them with additional information to enable them to verify the education program at Wayne. Defendant does have a criminal history that includes assault, gun, and drug offenses. There is also a December 2011 outstanding warrant out of the 36th District Court for misdemeanor failure to appear.**

    (B) whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law: **No**

3

> **information was proffered that suggests defendant was on any type of release at the time of the current offense.**

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release: **this is a culmination of the other factors – a defendant who, in addition to his mental health issues, appears to have been involved in a relationship that resulted in violent behavior. Defendant had a physical altercation with Ms. Sanders in a car, was at her place of employment banging on doors and admitted he had access to her guns that are presently unaccounted for. Defendant made violent threats to the VA department police officers and is accused of punching at least two of them. He was told on multiple occasions not to return to the VA emergency room, but did not abide by those directives. Defendant has prior assaultive offenses. The Court also notes the assessment of Pre-Trial Services that defendant is a danger to the community. Thus, especially considering Ms. Sanders, the VA personnel and law enforcement officers, and defendant himself, the Court has serious concerns about the danger "to any person" posed by defendant's release.**

**Statement of the Reasons for Detention**

For all of the reasons set forth above and in the government's proffer, Friendly's testimony, and pre-trial service's report, the Court finds that the government has established by clear and convincing evidence that, at least as of now, there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community and the defendant is ordered detained. The Court believes, however, that this conclusion can be revisited if proper medication reveals a change in defendant's aggressive behavior/tendencies.

**Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance. It is further ordered that Defendant be given all of his prescribed medications.

Date: September 7, 2012 _____/s/ Laurie J. Michelson_____
United States Magistrate Judge Laurie J. Michelson